EDWARDS, Judge.
Betty O. Thomas, plaintiff, and Jessie Wilkinson, a minor son of defendant, Roland Wilkinson, were involved in an automobile accident on January 26,1978. Plaintiff filed suit against Roland Wilkinson and Allstate Insurance Company seeking $6,861.25 for personal injuries and property damage. Wilkinson reconvened for $1,825.69 in damages. Pursuant to an unanimous jury verdict, judgment was signed rejecting plaintiff’s demands. Wilkinson’s reconvention was also rejected. Costs, including expert witness fees, were divided equally. From the trial court judgment, only Betty O. Thomas, plaintiff in the main demand, has appealed. We affirm.
The accident at issue occurred near the corner of Plank Road and Crown Avenue in *643 Baton Rouge. Plaintiff Thomas claimed that, heading in an easterly direction, she pulled out of a Woolco parking lot, crossed the southbound lanes of Plank Road and came to a stop in the neutral ground crossover point, at which time the vehicle driven by Jessie Wilkinson rammed into her car. Wilkinson testified that plaintiff’s car never stopped moving once she pulled out of the Woolco driveway and that he tried, but was unable to avoid the accident, which, he claimed, was plaintiff’s fault.
Other witnesses testified regarding the position in which the Thomas’ vehicle might have been when struck, that plaintiff never actually stopped, and that the crossover point was too short for plaintiff’s car to fit in without being angled.
The record as a whole contains conflicting evidence both supporting and opposing plaintiff’s claim. Apparently the jury considered all the facts and found that the plaintiff had not proven her case by a preponderance of the evidence.
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973).
See also Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Plaisance v. Collins, 365 So.2d 608 (La.App. 1st Cir. 1978).
We find that the jury verdict in this case was supported by the evidence. There was no manifest error.
For the foregoing reasons, the trial court judgment is affirmed. All costs of this appeal are to be paid by Betty 0. Thomas.
AFFIRMED.